UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No.: |
| vs. | ) ) ) |
| GALLAGHER SHARP; ROBERT EDDY; and ALTON STEPHENS, | ) ) ) |
| Defendants. | ) ) ) |

# COMPLAINT

For its Complaint against Gallagher Sharp, Robert Eddy, and Alton Stephens, Carolina Casualty Insurance Company ("Carolina Casualty") states as follows:

1. The Court has jurisdiction of this legal malpractice action pursuant to 28 U.S.C. § 1332(a), as the action is between citizens of different states, and the amount in controversy exceeds $75,000.

2. Venue is proper in the Northern District of Ohio, as a substantial portion of the events that gave rise to Carolina Casualty's claim occurred in the Northern District of Ohio.

3. Carolina Casualty is an Iowa corporation with its principal place of business in Jacksonville, Florida.

4. Gallagher Sharp is a law firm with its principal place of business in Cleveland, Ohio.

5. Robert Eddy is a resident and citizen of Ohio. At all relevant times herein, Robert Eddy was a partner in Gallagher Sharp.

4851-3061-8631.1

6. Alton Stephens is a resident and citizen of Ohio. At all relevant times herein, Alton Stephens was a partner in Gallagher Sharp.

7. On December 9, 2002, Environmental Network Corporation and Environmental Network and Management Corporation (collectively referred to hereafter as "ENC") filed a complaint against Goodman Weiss Miller LLP, captioned *Environmental Network Corp, et al. v. Goodman Weiss Miller LLP*, Case No. CV-02-488462 in the Cuyahoga County Court of Common Pleas ("the ENC Lawsuit").

8. As the professional liability insurance carrier for Goodman Weiss Miller, LLP, Carolina Casualty retained the law firm of Gallagher Sharp to defend Goodman Weiss Miller in the ENC Lawsuit.

9. During the beginning of trial in the ENC Lawsuit, Gallagher Sharp attorneys Robert Eddy and/or Alton Stephens and ENC's attorneys entered into negotiations for a "high/low' settlement agreement.

10. As a result of the negotiations, the parties to the ENC Lawsuit and their attorneys executed a Memorandum of Understanding and Confidential Partial Settlement Agreement which had been drafted, in part, by Robert Eddy and/or Alton Stephens.

11. On October 3, 2005, the jury returned a verdict of $2,419,616.81, against Goodman Weiss Miller. Thereafter, the plaintiffs in the ENC Lawsuit disputed the validity of the Memorandum of Understanding and Confidential Partial Settlement Agreement.

12. On June 30, 2006, Goodman Weiss Miller filed a complaint for declaratory judgment against ENC and others in the Hamilton County Court of Common Pleas, Case No. AO605748 ("Hamilton County Lawsuit").

13. In the Hamilton County Lawsuit, Good Weiss Miller sought a declaration that the high/low settlement agreement was valid and enforceable, and that ENC's recovery was limited to the policy limit of the Carolina Casualty policy, which was inclusive of defense costs.

14. On December 20, 2006, the court in the Hamilton County Lawsuit entered summary judgment in favor of ENC and against Goodman Weiss Miller, finding that the Memorandum of Understanding and Confidential Partial Settlement Agreement did not constitute a valid and binding high/low settlement agreement.

15. In its memorandum decision, the court characterized the Memorandum of Understanding and Confidential Partial Settlement Agreement as being "very inartfully written."

16. On March 1, 2007, the Court of Appeals, Eighth Appellate District affirmed the judgment of the trial court in the ENC Lawsuit.

17. On or about August 24, 2007, ENC, John J. Weterich, Goodman Weiss Miller, and Carolina Casualty entered into a Confidential Agreement containing the terms of a new high-law agreement.

18. On August 6, 2008, the Ohio Supreme Court reversed the judgment of the Court of Appeals and remanded the ENC Lawsuit to the trial court for entry of final judgment in favor of Goodman Weiss Miller.

19. Thereafter, Carolina Casualty paid the amount specified under the terms of the August 24, 2007 high-low agreement, to ENC.  Carolina Casualty's payment far exceeded the amount that Carolina Casualty would have been obligated to pay under the terms of the 2005 high-low agreement, had the 2005 high-law agreement been valid and enforceable.

20. At all times relevant herein, an attorney-client relationship existed between Carolina Casualty, and Gallagher Sharp, Robert Eddy, and Alton Stephens, as Carolina Casualty

and the defendants had mutuality of interests related to the Memorandum of Understanding and Confidential Partial Settlement Agreement, and with respect to the defense of Goodman Weiss Miller in the ENC lawsuit.

21. Carolina Casualty compensated Gallagher Sharp for the legal services that the defendants provided in connection with the ENC Lawsuit.

22. At all times relevant hereto, Carolina Casualty was in privity with the defendants.

23. The defendants owed a duty to Goodman Weiss Miller and Carolina Casualty to exercise the knowledge, skill and judgment which are ordinarily possessed by members of the legal profession in connection with the negotiation and preparation of the terms of the Memorandum of Understanding and Confidential Partial Settlement Agreement.

24. The defendants breached their duty of care to Goodman Weiss Miller and Carolina Casualty by committing the following negligent acts and/or omissions:

    a. Failing to prepare a valid and binding high/low agreement in the ENC Lawsuit;

    b. Failing to negotiate a valid and binding high/low agreement in the ENC Lawsuit;

    c. Failing to prepare a high/low agreement that reflected the intent of the parties thereto;

    d. failing to ensure the consummation of a valid and binding high/low agreement prior to the jury verdict in the ENC Lawsuit;

    e. failing to protect the interests of Carolina Casualty and Goodman Weiss Miller by preparing a valid and binding a high/low agreement in the ENC Lawsuit; and

    f. other careless or negligent acts.

25. Gallagher Sharp is vicariously liable for the negligence of its partners, Robert Eddy and Alton Stephens.

26. The defendants' breach of their duty of care proximately caused damages to Goodman Weiss Miller and Carolina Casualty, including, but not limited to, the difference between the amount Carolina Casualty was obligated to pay under the terms of the August 2007 high-low agreement and the Carolina Casualty would have been obligated to pay under the terms of the 2005 Memorandum of Understanding and Confidential Partial Settlement Agreement had it been valid and enforceable; attorney's fees and cost incurred in connection with the Hamilton County Lawsuit; and attorney's fees and costs incurred in this action.

27. The parties hereto entered into a valid Confidential Tolling Agreement, in which the statute of limitations and all other time-related defenses were tolled as to Gallagher Sharp and its partners and attorneys pursuant to the terms of the Confidential Tolling Agreement.

WHEREFORE, Carolina Casualty Insurance Company requests that judgment be entered in its favor and against Gallagher Sharp, Robert Eddy, and Alton Stephens, and that the following damages be awarded:

a. All damages arising from the invalidity of the high/low agreement in the ENC Lawsuit;

b. Attorney's fees and costs incurred in the Hamilton County lawsuit; and

c. Attorneys' fees and costs incurred in this action; and

d. Any and all other relief to which plaintiff may be entitled.

                                            Respectfully Submitted,
                                            Carolina Casualty Insurance Company

                                      By:    s/ Adam D. Marshall
                                             One of their attorneys

Adam D. Marshall (Attorney Bar #: 0071424)
Lewis Brisbois Bisgaard & Smith, LLP
200 Las Olas Circle
200 S.W. 1st Avenue, Suite 910
Fort Lauderdale, FL 33301
(954) 728-1280
(954) 728-1282 (fax)
amarshall@lbbslaw.com