UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINA CASUALTY INS. CO., | ) | 1:10CV2492 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE BENITA PEARSON |
| | ) | (Mag. Judge Kenneth S. McHargh) |
| GALLAGHER SHARP, | ) | |
| et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | MEMORANDUM |
| | ) | <u>AND ORDER</u> |

FEDERAL EVIDENCE RULE 502(d) NON-WAIVER ORDER

McHargh, Mag. Judge

The Court has heard and carefully considered the legitimate concerns, interests, and positions of the parties and interested non-parties, and the pertinent legal authorities, and for good cause shown, finds and orders as follows, supplementing its Stipulated Protective Order (doc. 53) entered on Aug. 14, 2012:

If, in connection with the captioned litigation, a party or interested non-party discloses information or produces documents that are subject to an assertion of attorney-client privilege or attorney work-product protection, the disclosure of such information or production of such documents shall not constitute or be deemed or argued to be a waiver or forfeiture of any assertion of privilege or work-product protection that the party or interested non-party may assert, or its privileged or

protected interests in those materials, whether in this case or in any other federal or state proceeding of any type in any forum.

Supplementing Section 9 of the Stipulated Protective Order of August 14, 2012, governing use and confidentiality (doc. 53), if a party intends to use, reference, or introduce as evidence at any hearing or trial in this matter any documents or information designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or derived therefrom, or information that is subject to an assertion of attorney-client privilege or work-product protection, such party shall provide advance notice to the other party and the interested non-parties at least five (5) business days before the commencement of such hearing or trial, or where such five days advance notice is not reasonably practical, at the earliest reasonable opportunity, specifically identifying each such item by Bates number(s).  Any of the parties or interested non-parties may request the Court to enter such orders and adopt such courtroom procedures as are necessary to protect any privilege or protection, and to prevent any waiver and arguments of waiver by anyone in these or any other proceedings, in keeping with the purpose of this Order.

Federal Rule of Evidence 502(d) provides that:  "A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other Federal or State proceeding."  And, Federal Rule of Evidence

502(f) provides that Rule 502 "applies to State proceedings . . . even if State law provides the rule of decision."

Accordingly, pursuant to the authority granted the Court under Federal Rule of Evidence 502(d), it is hereby ORDERED that a party's or an interested non-party's disclosure, in connection with this litigation, of any document, communication, material or information covered by the attorney-client privilege or entitled to work-product protection shall not constitute or be deemed or argued a waiver of such privilege or protection either in this litigation or in any other federal or state proceeding of any type in any forum.

Further, the Court hereby finds and orders that all such disclosures in this case are made pursuant to the self-protection exception to the attorney-client privilege and work-product doctrine and shall not be viewed as a consent or waiver of any privilege or work-product immunity by Miller, Michelson, Wertheim, or the Miller firm.

Nothing in this Order shall limit the right of any party or interested non-party to submit to the Court for in camera review specific documents, communications, or information.

IT IS SO ORDERED.

Dated:  Sept. 17, 2012              /s/ Kenneth S. McHargh
                                    Kenneth S. McHargh
                                    United States Magistrate Judge