PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINA CASUALTY INS. CO., | ) | |
| | ) | CASE NO. 1:10cv2492 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| GALLAGHER SHARP, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No. 86] |

The matter is before the Court due to the objections and appeal (ECF No. 86) filed by

Defendants Gallagher Sharp, Robert Eddy and Alton Stephens ("Defendants") to Magistrate

Judge McHargh's January 16, 2013 Order denying Defendants' Motion to Compel (ECF No. 72)

and ruling that certain disputed materials should be produced by Defendants.  Non-parties Miller,

Foler, Faeges Lapine LLP; Steven Miller; Deborah Michelson and James Wertheim (collectively

"Miller Parties") filed a response (ECF No. 89).  The Court has been advised, having reviewed

the record, the parties' briefs and the applicable law.  For the reasons that follow, the Court

overrules Defendants' objections.

## I. Background

Plaintiff Carolina Casualty Insurance Company ("Carolina") was the malpractice

insurance carrier for the Miller Parties, a law firm, during a malpractice suit brought against the

Miller Parties.  ECF No. 89 at 2.  Carolina retained Defendants to represent the Miller Parties in

the malpractice suit.  ECF No. 1 at 2.  Defendants served as lead trial counsel for the Miller

Parties and as appellate co-counsel during the appeal process that resulted in the Ohio Supreme

(1:10cv2492)

Court finding in favor of Miller Parties. ECF No. 89 at 2.

In the instant case, Carolina and Defendants have asserted claims against each other arising out of Defendants' underlying representation in the malpractice action. ECF No. 89 at 2. The Miller Parties are not a party in this action, but some of the discovery material sought is in the Miller Parties' possession. ECF No. 89 at 2.

### A. The Motion to Compel

After a series of discovery disputes[1], Carolina, Defendants and the Miller Parties resolved certain preliminary discovery issues by agreeing to a Federal Rules of Evidence 502(d) Non-Waiver Order, which was entered by the magistrate judge on September 17, 2012. ECF No. 58. The 502(d) Non-Waiver Order facilitated the release of most of the previously withheld documents. ECF No. 89 at 3. The Miller Parties continued to withhold three documents and Carolina withheld five.[2] ECF No. 89 at 3; 74 at 2. The documents were emails between Mr.

---

[1] The Court referred a discovery dispute to Magistrate Judge McHargh on July 19, 2012. ECF No. 41. This dispute was resolved on September 14, 2012. Defendants filed a Notice of Discovery Dispute (ECF No. 67) on December 11, 2012, which was referred to Magistrate Judge McHargh on the same day (ECF No. 68). Plaintiffs thereafter filed a Notice of Discovery Dispute on January 4, 2013 (ECF No. 70), and Defendants filed the Motion to Compel on January 4, 2013 (ECF No. 72).

[2] The Miller Parties state that they withheld three documents and include their privilege log. ECF Nos. 76-1; 89-1. The privilege log includes three emails from November 1, 2010. ECF Nos. 76-1; 89-1. Defendants, in their brief in support of their motion to compel, include the Miller Parties' privilege log, which lists three emails: two on November 1, 2010; and one on October 27, 2010. ECF No. 72-1 at 6. Also listed is a letter from Plaintiff's counsel dated August 31, 2010. ECF No. 72-1 at 6.
The Court will assume that Defendants object to the withholding of the three emails dated November 1, 2010, as indicated in the privilege log filed by the Miller Parties. ECF Nos. 76-1; 89-1. The Miller Parties' privilege log was filed in its brief in opposition (ECF No. 76-1) to Defendant's motion to compel prior to the magistrate judge's ruling; thus Defendants had an

(1:10cv2492)

Miller and Carolina's counsel, Mr. Manos, and were withheld based upon the work-product

privilege.  ECF Nos. 89 at 3; 74 at 2.  Following the withholding of the emails, Defendants filed

a motion to compel, which was denied by the magistrate judge on January 16, 2013.  Minute

Order, *January 18, 2013*.

### B. Fee Claim Discovery Dispute

Defendants filed a Counterclaim against Carolina alleging that Carolina failed to pay

legal fees owed to Defendants in connection with Defendants' representation of the Miller

Parties.  ECF No. 36 at 5.  Both parties agree that Carolina made payments to Defendants from

December 29, 2004 until May 25, 2007, but did not make payments from July 27, 2007 through

December 8, 2009.  ECF Nos. 36 at 5; 37 at 2.  The unpaid fees represent services provided in

conjunction with the appellate work.  ECF No. 70 at 14.  Carolina alleges that Defendants

waived its claim for fees and agreed that payment would not be required.  ECF No. 70 at 2.

Carolina notified the Court of a discovery dispute on January 4, 2013, alleging that

Defendants improperly withheld documents.[3]  ECF No. 70.  The documents involve internal

communications among Defendants regarding its efforts to collect payment of the unpaid fees as

---

opportunity to raise any objection to the specific emails presented in the Miller Parties' log.
Furthermore, Defendants' objections to the magistrate judge's Order does not recite a specific
objection; rather it states that Defendants "maintain that the requested discovery is not properly
withheld . . . for the reasons set forth in [Defendants'] Brief in Support of the Motion (ECF No.
72-1)."  ECF No. 86 at 1.  Additionally, Defendants admit the documents withheld "occurred
shortly before the filing of this lawsuit" (ECF No. 72-1 at 8), which would appear to preclude the
letter dated August, 2010.

[3]  The parties repeatedly faxed letters to the Court regarding the discovery dispute.  The
Court filed these letters on the docket.

3

(1:10cv2492)

well as drafts of collection letters to be sent to Carolina.  ECF No. 77 at 1.   Carolina sought these

documents from Defendants because they were generated at the same time, Carolina alleges, that

Defendants would have been discussing its communications with Carolina about the alleged

waiver of fees.  ECF No. 70 at 2.  Following Defendants' response, the magistrate judge ruled in

favor of Carolina.  January 18, 2013 *Minute Order*.

## II.  Legal Standard

When an objection has been made to a magistrate judge's order, the district court standard

of review is *de novo*.  Fed. R. Civ. Pro. 72(b)(3).  A district judge must determine *de novo* any

part of the magistrate judge's disposition that has been properly objected to.  *Id.*  The district

judge may accept, reject, or modify the disposition; receive further evidence; or return the matter

to the magistrate judge with instructions.  *Id.*

Accordingly, the Court has conducted a *de novo* review of the magistrate judge's order

and has considered Defendants' arguments raised in objection.  For the reasons below, the Court

overrules Defendants' objections.

## III.  Discussion

### A.  The Motion to Compel

Defendants' objection to the magistrate judge's order denying its motion to compel does

not specifically explain why it objects; rather, Defendants generally object "for the reasons set

forth in [Defendants'] Brief in Support of the Motion (ECF No. 72-1)."  ECF No. 86 at 1.

Defendants, in its motion brief, argued that Carolina's asserted work product protection was

waived because at the time the communications were made, "Mr. Miller's only status with

4

(1:10cv2492)

respect to this case was as a likely key witness." ECF No. 72-1 at 9.  Defendants also assert that

the "common interest exception" does not apply to the facts in the instant case and therefore

cannot prevent the waiver.[4]  Finally, Defendants contend that the privilege logs submitted by the

Miller Parties and Carolina are insufficient in that both fail to describe the nature of the

documents or indicate the basis for the claim of privilege.  ECF No. 72-1 at 11.  The Miller

Parties and Carolina both argue that 1) the sought-after materials and information are work

product that was shared only between Mr. Miller and Attorney Manos; 2) the common interest

exception to waiver applies to the communications between Mr. Miller and Attorney Manos; and

3) Defendants have not demonstrated the relevance of the sought-after materials or information.

ECF Nos. 76 at 2; 74 at 2.

 Work product was defined in *St. Paul Fire and Marine Ins. Co., v. ConAgra Foods, Inc.,*

*2008 WL 222518, at *1 (S.D. Ohio Jan. 25, 2008)*:

> The privilege in question is typically referred to as the "work product" privilege
> based upon the Supreme Court's recognition of such a privilege in *Hickman v.
> Taylor*, 329 U.S. 495 (1947).  However, the privilege has been incorporated into
> Fed. R. Civ. P. 26(6)(3), and is applicable when the prerequisites of that rule have
> been satisfied.  The rule exempts from discovery information which is otherwise
> discoverable if it has been "prepared in anticipation of litigation or for trial by or

---

[4]  The parties had agreed that documents created after the filing of the lawsuit would not
be produced.  ECF No. 74 at 6.  Defendants assert that even if those later documents would not
be produced, "it could provide no justification for protecting the communications that occurred
after the filing of the case" and thus object to deponents unwillingness to answer questions about
communications after the lawsuit was filed.  ECF No. 72-1 at 10.  The Court finds that the
specific pages of deposition testimony Defendants cite in support of its argument do not
definitively reflect that the relevant questions asked and unanswered were not within the
temporal scope of the filing of the lawsuit.  ECF No. 72-1 at2-5; 10.  Accordingly, the Court
overrules Defendants' objections.

(1:10cv2492)

> for another party or by or for that other party's representative (including the other
> party's attorney, consultant, surety, indemnitor, insurer, or agent) . . ."  The
> privilege can be overcome, however, "upon a showing that the party seeking
> discovery has substantial need of the materials in the preparation of the party's
> case and that the party is unable without undue hardship to obtain the substantial
> equivalent of materials by other means."  Finally, however, even if the court does
> direct that trial preparation materials be disclosed, the court is required to guard
> against "disclosure of the mental impressions, conclusions, opinions, or legal
> theories of an attorney or other representative of a party concerning the litigation."

*Id.*

A party may waive a privilege by communicating information to a third party.  However, "[t]he common interest rule allows counsel or parties facing a common litigation opponent to exchange privileged communications without waiving the privilege."  *Official Committee of Administrative Claimants v. Bricker*, 2011 WL 1770113, at *3 (N.D.Ohio May 9, 2011) (citing *Travelers Cas. and Sur. Co. v. Excess Ins. Co., Ltd.*, 197 F.R.D. 601, 606–07 (S.D.Ohio 2000)). The common interest rule applies "when information is exchanged between 'friendly litigants' with similar interests."  *Id.* at 607.  The rule does not require "an absolute congruence in litigation" involving the parties.  *Id.*  Rather, "it is sufficient if the parties at issue reasonably anticipate involvement in litigation in which common issues, and common positions, would arise.  *Bricker*, 2011 WL 1770113, at *3 (citing *Travelers Cas. and Sur. Co.*, 197 F.R.D. at 607.)

Defendants do not contest that the documents are protected by work product.[5]  Instead, Defendants insist the work product protection was waived when Attorney Manos and Mr. Miller communicated with each other.  ECF No. 72-1 at 7-8.  Defendants assert that the common

---

[5]  Defendants do not attempt to demonstrate the relevance of the sought-after materials or information and it is not immediately apparent to the Court.  The Court will therefore assume, *arguendo*, that the information is relevant and consider the merits of Defendants' arguments.

(1:10cv2492)

interest rule does not apply to prevent a waiver because there was no common interest between the two "given Mr. Miller's testimony that he has no[] financial interest in the outcome of this case." ECF No. 72-1 at 9.  Additionally, Defendants contend that Mr. Miller's status as a key witness "is necessarily inconsistent with maintaining secrecy, such that it constituted a waiver of work-product protections."  ECF No. 72-1 at 9.

The Court is not favorably persuaded by these arguments.  Common interest does not require that the participants have a financial interest in the outcome.  *See Bricker*, 2011 WL 1770113, at *3 (common interest rule applied to non-party communication regarding whether to pursue claims against the defendants, when the communication was intended to be confidential and represented a common position against the defendants); *Travelers Cas. and Sur. Co.*, 197 F.R.D. at 607 (documents created by participant at a conference aimed at educating and advising the participants on how to handle anticipated environmental litigation was protected by common interest even if actual litigation had not been commenced).  The record reflects that just prior to the filing of the lawsuit, the Miller Parties and Carolina reasonably anticipated involvement in the instant litigation, in which common issues and positions would arise.  As noted, Carolina was the malpractice insurance carrier for the Miller Parties, who were represented by Defendants during a malpractice suit.  The instant litigation arises from Defendants' representation of the Miller Parties, and the documents at issue were created at a time when the Miller Parties were considering joining Carolina as a plaintiff in the instant case.  ECF No. 74 at 3.  The communication between Mr. Miller and Attorney Manos that occurred on November 1, 2010 is thus squarely described as between friendly litigants with similar interests and temporally related

7

(1:10cv2492)

to the filing of the Complaint on November 1, 2010.  *See Id.*  Moreover, the parties intended the communication to be confidential, and the status of Mr. Miller as a potential witness does not make it less so.  *See Id.* (noting that participants shared the expectation that their communications would be maintained in confidence).

Defendants' contention that the privilege logs submitted by the Miller Parties and Carolina are insufficient in that they fail to describe the nature of the documents or indicate the basis for the claim of privilege is equally unavailing.  The Court notes that the Miller Parties' log style is preferred because it provides descriptions that allow a challenger to readily assess the nature of the privilege.  ECF No. 72-1 at 5-6.  Carolina's is less helpful.  Nevertheless, having considered all that has been presented, the Court finds that a work product and common interest privilege existed for the limited time during which the documents sought were created.

Given the finding that the materials sought are work product/common interest protected, Defendants have not shown a substantial need of the materials and that they are unable without undue hardship to obtain the substantial equivalent of materials by other means.  *See St. Paul Fire and Marine Ins. Co.*, 2008 WL 222518, at *3.  Accordingly, the Court overrules Defendants' objections as to the motion to compel.

**B.  Fee Claim Discovery Dispute**

Defendants' objection to the magistrate judge's order finding in favor of Carolina does not specifically explain why it objects; rather, Defendants generally object "for the reasons set forth in [Defendants'] letter to the Court of January 16, 2013 (ECF No. 77)."  ECF No. 86 at 1. In its letter to the Court, Defendants argued that the Ohio Supreme Court case relied upon by

8

(1:10cv2492)

Carolina does not support a conclusion favorable to Carolina.  ECF No. 77 at 2.

Carolina, in support of its argument for production of Defendants' internal

communications made during the time the alleged waiver was discussed, relied upon *Squire,*

*Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 937 N.E.2d 533 (Ohio 2010).  In *Squire,*

*Sanders*, a law firm brought suit against a former client for unpaid legal fees.  *Id*. at 535.  The

defendants had terminated the law firm without paying any of the outstanding fees, claiming the

fees were excessive, unreasonable and unnecessary.  *Id*.

During discovery, Squire, Sanders sought the production of documents related to its

representation of the defendants, including documents related to the defendants' decision to

terminate the representation.  *Id*. at 536.  The defendants objected, asserting that the documents

were protected by the attorney-client privilege and the work product doctrine.  *Id*.  The Ohio

Supreme Court concluded the items were discoverable.  The Court noted,

> Ohio recognizes a common law self-protection exception to the attorney-client
> privilege codified in R.C. 2317.02(A).  Thus, when the attorney-client relationship
> has been placed at issue in litigation between an attorney and a client or a former
> client, the self-protection exception permits discovery of the evidence necessary to
> establish a claim or defense on behalf of the attorney.
>
> Similarly, good cause exists for discovery of otherwise unavailable attorney work
> product to the extent that the work product has been placed at issue in litigation by
> a claim for legal fees or by a charge that the attorney breached a duty owed to the
> client.

*Id*. at 546-47.  The Court found that the documents sought were directly at issue because the

documents regarded "the staffing of the litigation, trial strategy, resources committed, and views

that the firm provided inadequate representation through counsel lacking sufficient leadership,

qualification, and experience."  *Id*. at 546.  The Court also found that the need was compelling

9

(1:10cv2492)

because the information "is otherwise unavailable to Squire, Sanders because it is within the

exclusive possession and knowledge of [the defendants]." *Id*.

Defendants assert that *Squire, Sanders* does not apply to the facts of the instant case.

Defendants argue that the principle articulated in *Squire, Sanders* "applies to work product

relating to the *underlying* representation that is the subject of the subsequent litigation" rather

than "privileged communications or work product relating to the malpractice or fee claims

*themselves*." ECF No. 77 at 2 (emphasis in original).  While correct to say that *Squire, Sanders*

involved work product relating to the underlying representation, this is because the defendants in

that case refused to pay because of their belief that the underlying representation was

objectionable.  Thus, the quality of the underlying representation was at issue.  Squires, Sanders

was therefore entitled to documents in possession of the defendants regarding that issue.

In the instant case, at issue is whether Defendants are entitled to the payment of fees

charged to Carolina.  Defendants placed the issue in litigation when it filed the counterclaim

asserted non-payment of fees.  Carolina asserts that it refused to pay because Defendants had

waived the fees.  Accordingly, Carolina sought documents that they allege reflect a genuinely

held belief among Defendants that Defendants had agreed to waive the fees.  Such

documentation is necessary to Carolina's defense of the counterclaim.  Although the subject

matter at issue in *Squire, Sanders* (quality of representation) is different from the subject matter

at issue in the instant case (claim for fees), this difference does not render *Squire, Sanders*

inapplicable to the instant case.  *See* 937 N.E.2d at 535 (noting that the self-protection exception

applies to "communications when necessary to collect a legal fee or to defend against a charge of

10

(1:10cv2492)

malpractice . . . .").  Accordingly, the Court overrules Defendants' objections as to the fee claim.

## IV.  Conclusion

For the reasons stated above, the Court overrules Defendants' objections (ECF No. 86) to

the magistrate judge's Order (Minute Order, *January 16, 2013*).  Accordingly, the Court adopts

the Order (Minute Order, *January 16, 2013*) in its entirety.


IT IS SO ORDERED.


  March 1, 2013                                               */s/ Benita Y. Pearson*           
Date                                                     Benita Y. Pearson
                                                     United States District Judge